JEMMA E. DUNN
Nevada Bar No. 16229
PHILIP A. HORLACHER
Nevada Bar No. 16891
MICHAEL A. BURNETTE
Nevada Bar No. 16210
**GREENBERG GROSS LLP**
1980 Festival Plaza Drive, Suite 730
Las Vegas, Nevada 89135
Telephone: (702) 777-0888
Facsimile: (702) 777-0801
*MBurnette@GGTrialLaw.com*
*JDunn@GGTrialLaw.com*
*PHorlacher@GGTrialLaw.com*

*Attorneys for Plaintiff*
*Penny Corino*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PENNY CORINO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TAX SERVICE LLC, a Wyoming limited liability company;  and ELITE SALES SOLUTIONS, a Wyoming corporation,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(1)   DISCRIMINATION (N.R.S. § 613.330);**<br><br>**(2)   DISCRIMINATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(3)   DISCRIMINATION (42 U.S.C. § 623 *et seq.*);**<br><br>**(4)   HARASSMENT (42 U.S.C. § 2000e *et seq.*);**<br><br>**(5)   HARASSMENT (N.R.S. § 613.330);**<br><br>**(6)   HARASSMENT (42 U.S.C. § 623 *et seq.*);**<br><br>**(7)   RETALIATION (N.R.S. § 613.340);**<br><br>**(8)   RETALIATION (42 U.S.C. § 2000e *et seq.*);**<br><br>**(9)   RETALIATION (42 U.S.C. § 623 *et seq.*);** |

-1-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

**(10)  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

**DEMAND FOR JURY TRIAL**

Plaintiff Penny Corino ("Plaintiff" or "Ms. Corino") alleges as follows:

## JURISDICTION AND VENUE

1.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's claims for damages arise, in part, under 42 U.S.C. § 2000e *et seq.* (Title VII) and 29 U.S.C § 621 *et seq.* (ADEA Discrimination/Retaliation). The Court has supplemental jurisdiction over the remaining state statutory claims pursuant to 28 U.S.C. § 1367, given that all the claims are so related that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in the District of Nevada pursuant to 28 U.S.C. § 1391 because Defendants American Tax Service LLC and Elite Sales Solutions (hereafter collectively referred to as "Defendants") reside in Clark County, Nevada.

## NATURE OF THE ACTION

3.    Ms. Corino began working for American Tax Service as a Sales Opener on or about February 3, 2025. When she started her employment, she was 73-year sold.

4.    During her employment, she was subjected to pervasive age-based harassment including comments like "why don't you retire." Additionally, Ms. Corino felt shocked that many co-workers used offensive sexual language, such as making vulgar comments about the female anatomy, calling Ms. Corino a "cougar," and repeatedly referring to her as "woman" rather than using her given name.

5.    When Ms. Corino reported the harassment to management, she was dismissed as being "too sensitive." Following her complaints about the hostile work environment, Defendants terminated Ms. Corino's employment on or about May 7, 2025. The termination was pretextual and in retaliation for her protected complaints about age and sex-based harassment. Tellingly, when Ms.

Corino asked why she was being fired, her manager said, "I think you know why," tacitly admitting management grew tired of Ms. Corino's complaints about the hostile work environment.

## PARTIES

6.    Plaintiff is and was at all relevant times herein, a resident of Clark County, Nevada.

7.    Defendant American Tax Service LLC is a Wyoming limited liability corporation that conducts business in Clark County.

8.    Defendant Elite Sales Solutions  is a Wyoming corporation that conducts business in Clark County.

9.    Defendants Elite Sales Solutions and American Tax Service operated as joint employers and/or an integrated enterprise during Plaintiff's employment. Both entities operated from the same physical location at 2300 W Sahara Avenue, Suite 430, Las Vegas, Nevada 89102. Both entities shared the same business telephone number, (516) 610-8929. Both entities shared common management and supervisory personnel, including Nathia Martin who served as a contact person for both entities.

10.    The two entities presented themselves to employees and the public as a single employer, using the names "Elite Sales Solutions" and "American Tax Service" interchangeably. Despite being legally separate entities, they functioned as one unified business operation with shared resources, personnel, and business functions.

11.    The employment decisions affecting Plaintiff, including hiring, job assignments, compensation, and termination, were made by individuals exercising authority over both Elite Sales Solutions and American Tax Service. The entities exercised common control over Plaintiff's wages, hours, and working conditions throughout her employment from February 3, 2025 through May 7, 2025.

## FACTUAL ALLEGATIONS

12.    On or about February 3, 2025, Ms. Corino, a 73-year-old woman, began working as a Sales Opener for American Tax Service (also known as Elite Sales Solutions) at an hourly rate of $18.00.

13.    On or about February 3, 2025, Ms. Corino was immediately subjected to age and

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

sex-based harassment when Assistant Sales Manager Jason Sharp stated to her "I knew you were a cougar when you walked in."

14. Throughout her employment from February 2025 through May 2025, Ms. Corino was subjected to pervasive age-based harassment by coworkers, including repeated comments such as "why don't you retire," "I know you're old but are you familiar with...," and "you've apparently gotten soft in your old age."

15. During her employment, one male coworker referred to Plaintiff's age so frequently that she needed to direct him to stop. That same coworker repeatedly called Plaintiff "woman" in a demeaning manner, rather than addressing her by her given name.

16. On or about mid-February 2025, after approximately 2-3 weeks working as an opener, Ms. Corino was transferred to a closer position allegedly due to her "vernacular," though this position still required her to open her own leads rather than close leads opened by others. On information and belief, Defendant reassigned Ms. Corino based on discriminatory and retaliatory reasons.

17. In addition to personally suffering workplace harassment, the hostile work environment was further perpetuated by pervasive inappropriate sexual or gendered comments. As one example, one employee made remarked that women who have vagina hair are not real women – there is no context in which it could conceivably be appropriate for an employee to make such a statement in the workplace.

18. Ms. Corino reported these inappropriate harassing remarks to a supervisor named Ellie during March 2025. Ellie took no remedial action. Indeed, Ellie perpetuated the hostile work environment by openly using vulgar or demeaning language. For instance, when a prospect did not close a deal, Ellie exclaimed "go f**k your mother!"

19. Ms. Corino likewise complained to management about the age-related harassment and hostile work environment; however, management dismissed her as being "too sensitive" rather than taking any remedial action.

20. On or about May 7, 2025, Ms. Corino was terminated by Sales Manager Mike Shaw without any legitimate reason provided, and when she asked why she was being terminated, Shaw

-4-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

responded "I think you know why," demonstrating that the termination was pretextual and based on her protected characteristics and complaints of harassment.

21. *Summary of Plaintiff's Protected Statuses and Activity*: Ms. Corino is a 73-year-old woman, making her a member of the protected class of individuals over 40 years of age under federal and state age discrimination laws. Ms. Corino engaged in protected activity by reporting harassment to management, specifically complaining to her female manager about inappropriate sexual comments made by coworkers, and was subsequently told she was "too sensitive" when she raised concerns about the hostile work environment and age-related harassment.

22. On December 1, 2025, Plaintiff timely dual filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Nevada Equal Rights Commission ("NERC"). On December 1, 2025, the EEOC closed Plaintiff's case without making findings and issued her an immediate right to sue notice. Plaintiff timely filed the instant lawsuit within 90 days of the right to sue notice.

23. *Punitive damages*: Plaintiff is entitled to punitive damages. (42 U.S.C. § 1981a(b); Nevada Revised Statute ("N.R.S.") 42.001, 42.007.)

24. *Reckless Indifference and Conscious Disregard*: American Tax Service LLC and Elite Sales Solutions knew of the probable economic harm and emotional distress that would ensue as a result of the wrongful conduct perpetrated. Yet American Tax Service LLC and Elite Sales Solutions willfully and deliberately caused the wrongful conduct, both through its actions and inactions.

25. *Malice*: The conduct of American Tax Service LLC and Elite Sales Solutions was committed with malice, including that (a) American Tax Service LLC and Elite Sales Solutions acted with intent to cause injury to Plaintiff and/or acted with reckless disregard for Plaintiff's injury, including by terminating Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of their good faith complaints, and/or (b) the conduct of American Tax Service LLC and Elite Sales Solutions was despicable and committed in willful and conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

26.    *Oppression:* In addition, and/or alternatively, The conduct of Defendants was committed with oppression, including that the actions of American Tax Service LLC and Elite Sales Solutions against Plaintiff were cruel and subjected her to unjust hardship and with conscious disregard of Plaintiff's rights to work in a workplace free of unlawful harassment, or the economic and emotional distress such harassment and discrimination would cause.

27.    *Fraud:* In addition, and/or alternatively, the conduct of American Tax Service LLC and Elite Sales Solutions, as alleged, was fraudulent, including that American Tax Service LLC and Elite Sales Solutions asserted false and pretextual grounds for terminating Plaintiff's employment and/or other adverse job actions, thereby causing Plaintiff hardship and deprive her of legal rights or otherwise injure Plaintiff.

28.    Further, American Tax Service LLC and Elite Sales Solutions is liable for the wrongful acts of its employees, including its supervisory personnel, because American Tax Service LLC and Elite Sales Solutions had advance knowledge that these employees were unfit for the purposes of the employment and yet employed these employees with a conscious disregard for the rights or safety of others. (42 U.S.C. § 2000e(b); N.R.S. 42.007.)

## FIRST CLAIM FOR RELIEF

### Workplace Discrimination in Violation of N.R.S. § 613.330

### (Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)

29.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

30.    Plaintiff was employed by American Tax Service LLC and Elite Sales Solutions, as defined by N.R.S. § 613.310, and thus is prohibited from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

31.    Plaintiff was employed by American Tax Service LLC and Elite Sales Solutions, as defined by N.R.S. § 613.310.

32.    The acts and omissions of American Tax Service LLC and Elite Sales Solutions, as

-6-

more fully set forth herein, constituted discrimination within the meaning of N.R.S. § 613.330.

33.    Plaintiff is within the class of persons that N.R.S. § 613.330 intends to protect and termination of employment on the basis of discrimination is the type of injury prohibited by N.R.S. § 613.330.

34.    Plaintiff charges that American Tax Service LLC and Elite Sales Solutions discriminated against the Plaintiff based on her protected status or statuses.

35.    As a direct and proximate result of the violations and conduct described herein, Plaintiff was subjected to unlawful discrimination, loss of her employment, and loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

36.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020, as well as attorneys' fees under N.R.S. § 613.432 and 42 U.S.C. § 2000e-5(k).

37.    The acts of American Tax Service LLC and Elite Sales Solutions alleged herein were undertaken with malice, intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish American Tax Service LLC and Elite Sales Solutions, and to make an example of and deter American Tax Service LLC and Elite Sales Solutions from engaging in such conduct in the future.

**<u>SECOND CLAIM FOR RELIEF</u>**

**Workplace Discrimination in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

38.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

39.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting discrimination based on her protected status or statuses.

40.    Plaintiff was an employee of American Tax Service LLC and Elite Sales Solutions,

-7-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

as defined by 42 U.S.C. § 2000e(b), and thus are barred from discriminating against any person with respect to the person's compensation, terms, conditions, or privileges of employment on the basis of any protected status as set forth in N.R.S. § 613.330 *et seq.* Further, employers must provide a workplace free of discrimination on the basis of these protected statuses.

41.    American Tax Service LLC and Elite Sales Solutions took adverse employment actions against Plaintiff because of her protected characteristics, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

42.    The discriminatory acts of American Tax Service LLC and Elite Sales Solutions have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

43.    The acts of American Tax Service LLC and Elite Sales Solutions alleged herein were undertaken with malice, intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish American Tax Service LLC and Elite Sales Solutions, and to make an example of and deter American Tax Service LLC and Elite Sales Solutions from engaging in such conduct in the future.

44.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### THIRD CLAIM FOR RELIEF

**Workplace Discrimination in Violation of 29 U.S.C. § 623 et seq.**

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

45.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

46.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting

-8-

discrimination based on age.

47.    American Tax Service LLC and Elite Sales Solutions employed Plaintiff, as defined by 29 U.S.C. § 630(b), and thus was prohibited from discriminating against qualified individuals on the basis of age as set forth in 29 U.S.C. § 623.

48.    Plaintiff is over 40 years old and was so at the time she experienced adverse employment actions by American Tax Service LLC and Elite Sales Solutions.

49.    American Tax Service LLC and Elite Sales Solutions took adverse employment actions against Plaintiff because of her age, including the decisions to terminate Plaintiff's employment, not to retain, hire, or otherwise employ Plaintiff in any position, and/or to take other adverse employment actions against Plaintiff.

50.    The discriminatory acts of American Tax Service LLC and Elite Sales Solutions constitute a violation of the Age Discrimination in Employment Act (ADEA), which makes it unlawful for an employer to discriminate against an employee on the basis of age.

51.    The discriminatory acts of American Tax Service LLC and Elite Sales Solutions were willful and have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits. As such, Plaintiff is entitled to liquidated damages under the ADEA.

52.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 626(b), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### FOURTH CLAIM FOR RELIEF

**Workplace Harassment in Violation of 42 U.S.C. § 2000e *et seq.***

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

53.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

54.    Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

55.    Plaintiff was an employee of American Tax Service LLC and Elite Sales Solutions, as defined by 42 U.S.C. § 2000e(b), and thus are barred from discriminating against any person or

-9-

creating an abusive or hostile work environment on the basis of a protected status as set forth in 42 U.S.C. § 2000e-2(a)(1).

56.     Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected status or statuses.

57.     The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

58.     Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive. Plaintiff did in fact consider the work environment to be hostile or abusive.

59.     At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors.

60.     American Tax Service LLC and Elite Sales Solutions had a duty to prevent and promptly correct the harassing behavior. American Tax Service LLC and Elite Sales Solutions breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. American Tax Service LLC and Elite Sales Solutions similarly breached their duty by failing to remedy the harassment.

61.     The acts alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

62.     The acts alleged herein were undertaken with malice, intent to injure Plaintiff, or with reckless indifference or conscious disregard of their rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish American Tax Service LLC and Elite Sales Solutions, and to make an example of and deter American Tax Service LLC and Elite Sales Solutions from

-10-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

engaging in such conduct in the future.

63.    Plaintiff has incurred and will continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

**FIFTH CLAIM FOR RELIEF**

**Workplace Harassment In Violation of NRS § 613.330**

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

64.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

65.    Plaintiff was employed by American Tax Service LLC and Elite Sales Solutions.

66.    The acts and omissions of American Tax Service LLC and Elite Sales Solutions, as more fully set forth herein, constituted harassment on the bases of Plaintiff's protected status or statuses.

67.    Plaintiff is within the class of persons that NRS 613.330 intends to protect and harassment on the basis of sex and age is a type of injury prohibited by NRS 613.330.

68.    Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her protected characteristics.

69.    The harassing conduct was severe or pervasive to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, or offensive to employees possessing the protected traits of Plaintiff, and unreasonably interfered with Plaintiff's work performance.

70.    Plaintiff perceived the working environment to be abusive or hostile, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.  Plaintiff did in fact consider the work environment to be hostile or abusive.

71.    At the time of the relevant conduct, those who personally perpetrated the harassment were acting as Plaintiff's supervisors and c.

72.    American Tax Service LLC and Elite Sales Solutions had a duty to prevent and promptly correct the harassing behavior.  American Tax Service LLC and Elite Sales Solutions

-11-

breached this duty by failing to prevent the harassment, despite having prior knowledge of the harassing conduct. American Tax Service LLC and Elite Sales Solutions similarly breached their duty by failing to remedy the harassment.

73. As a direct and proximate result of the violations herein, Plaintiff was subjected to unlawful harassment, loss of employment, loss of income and benefits. In addition, Plaintiff has suffered physical and mental injury, and will continue to suffer great financial, mental and emotional injury, pain and distress.

74. Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to NRS 18.020 as well as attorneys' fees under NRS 613.432 and 42 U.S.C. § 2000e-5(k).

75. American Tax Service LLC and Elite Sales Solutions knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Such conduct was despicable, subjected Plaintiff to oppression, and warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

### SIXTH CLAIM FOR RELIEF

**Workplace Harassment In Violation of 42 U.S.C § 623**

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

76. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

77. Plaintiff is a member of the class of persons protected by federal statutes prohibiting harassment based on her protected status or statuses.

78. American Tax Service LLC and Elite Sales Solutions employed Plaintiff, as defined by 29 U.S.C. § 630(b), and thus were prohibited from discriminating against qualified individuals on the basis of age or creating an abusive or hostile work environment on the basis of age as set forth in 29 U.S.C. § 623.

79. Throughout Plaintiff's employment, Plaintiff was subjected to slurs, insults, jokes, other verbal comments, and/or intimidation based on her age by supervisors and management acting within the scope of their employment.

-12-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

80. The age-based harassing conduct was severe or pervasive enough to alter the conditions of Plaintiff's employment and created a work environment that was abusive, intimidating, hostile, and offensive to employees over 40 years of age, and unreasonably interfered with Plaintiff's work performance.

81. Plaintiff perceived the working environment to be abusive and hostile due to her age, and a reasonable person over 40 years old in Plaintiff's circumstances would have considered the work environment to be hostile and abusive.

82. At the time of the relevant conduct, those who personally perpetrated the age-based harassment were acting as Plaintiff's supervisors with authority to make tangible employment decisions affecting Plaintiff.

83. American Tax Service LLC and Elite Sales Solutions had a duty to prevent and promptly correct the age-based harassing behavior. American Tax Service LLC and Elite Sales Solutions breached this duty by failing to prevent the harassment despite having prior knowledge of the harassing conduct, and similarly breached their duty by failing to remedy the harassment after becoming aware of it.

84. The discriminatory and harassing acts of American Tax Service LLC and Elite Sales Solutions constitute violations of the Age Discrimination in Employment Act, which makes it unlawful for an employer to discriminate against an employee on the basis of age or to create or maintain a hostile work environment based on age.

85. The discriminatory and harassing acts of American Tax Service LLC and Elite Sales Solutions were willful and have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial. As such, Plaintiff is entitled to liquidated damages under the ADEA.

86. The acts alleged herein were undertaken with malice, intent to injure Plaintiff, or with reckless indifference or conscious disregard of Plaintiff's rights, and constitute oppressive and malicious conduct undertaken with knowing disregard for Plaintiff's rights. As a result, Plaintiff is entitled to all remedies available under the ADEA.

-13-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

87.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 626(b), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

## SEVENTH CLAIM FOR RELIEF

### Workplace Retaliation in Violation of N.R.S. § 613.340

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

88.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

89.    Plaintiff was employed by American Tax Service LLC and Elite Sales Solutions.

90.    Plaintiff engaged in protected activity.

91.    American Tax Service LLC and Elite Sales Solutions was aware of Plaintiff's protected activity.

92.    After engaging in protected activity, Plaintiff suffered an adverse employment action.

93.    There is a causal connection between Plaintiff's protected activity and the adverse employment action.

94.    The conduct of American Tax Service LLC and Elite Sales Solutions alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

95.    The acts alleged herein were undertaken with malice, intent to injure Plaintiff, or with reckless indifference or conscious disregard of her rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish American Tax Service LLC and Elite Sales Solutions, and to make an example of and deter American Tax Service LLC and Elite Sales Solutions from engaging in such conduct in the future.

96.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain

-14-

the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## EIGHTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 2000e *et seq.*

### (Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)

97. The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

98. Plaintiff is a member of the classes of persons protected by federal statutes prohibiting discrimination and harassment based on a protected status.

99. Plaintiff was an employee, as defined by 42 U.S.C. § 2000e(f).

100. American Tax Service LLC and Elite Sales Solutions is an employer, as defined by 42 U.S.C. § 2000e(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 42 U.S.C. § 2000e et seq.

101. Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 42 U.S.C. § 2000e *et seq*.

102. As a result of Plaintiff's complaints regarding, and opposition to, these unlawful practices, American Tax Service LLC and Elite Sales Solutions engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

103. The conduct of American Tax Service LLC and Elite Sales Solutions constitutes retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, which makes it unlawful for an employer to retaliate against an employee who complains about or opposes discrimination or harassment.

104. The conduct of American Tax Service LLC and Elite Sales Solutions alleged herein have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits, and have caused Plaintiff to suffer humiliation, emotional distress, and mental and physical pain and anguish, in an amount according to proof at trial.

105. The acts alleged herein were undertaken with malice, intent to injure Plaintiff, or

with reckless indifference or conscious disregard of his rights, and constitute oppressive, fraudulent, and malicious conduct, undertaken with knowing disregard for Plaintiff's rights or the inevitable resulting harm. As a result, Plaintiff is entitled to an award of punitive and exemplary damages in an amount sufficient to punish American Tax Service LLC and Elite Sales Solutions, and to make an example of and deter American Tax Service LLC and Elite Sales Solutions from engaging in such conduct in the future.

106.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 42 U.S.C. § 2000e-5(k), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

107.    Due to this action, it has been necessary for Plaintiff to expend court costs and obtain the services of an attorney to pursue this claim. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. 18.020, as well as attorneys' fees under N.R.S. 613.432 and 42 U.S.C. § 2000e-5(k).

## NINTH CLAIM FOR RELIEF

### Retaliation in Violation of 42 U.S.C. § 623 *et seq.*

### (Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)

108.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

109.    Plaintiff is within the class of persons that 29 U.S.C. § 623 intends to protect and retaliation for engaging in protected activity is the type of injury prohibited by 29 U.S.C. § 623(d).

110.    Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 630(f).

111.    Defendant was an employer, as defined by 29 U.S.C. § 630(b), and thus was barred from retaliating against any person for opposing or reporting any unlawful discrimination or harassment against employees on a protected basis as set forth in 29 U.S.C. § 621 *et seq*.

112.    Plaintiff opposed and reported discriminatory or harassing conduct prohibited by 29 U.S.C. § 623(d).

113.    As a result of Plaintiff's complaints regarding and opposition to unlawful age discrimination, Defendant engaged in a course of retaliatory conduct, which included subjecting Plaintiff to a hostile work environment.

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

114.    The conduct of Defendant constitutes retaliation in violation of the Age Discrimination in Employment Act which makes it unlawful for an employer to retaliate against an employee who complains about, opposes discrimination or harassment on the basis of age.

115.    The retaliatory acts of Defendant were willful and have caused damage and harm to Plaintiff, including lost earnings, salary, and other employment benefits. As such, Plaintiff is entitled to liquidated damages under the ADEA.

116.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to 29 U.S.C. § 626(b), Plaintiff will move to recover reasonable attorneys' fees and costs in an amount according to proof.

### TENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Plaintiff Penny Corino against American Tax Service LLC and Elite Sales Solutions)**

117.    The allegations set forth in preceding paragraphs are re-alleged and incorporated herein by reference.

118.    By its actions described hereinabove, Defendants intentionally and/or recklessly subjected Plaintiff to severe mental and emotional distress.

119.    The conduct of Defendants caused Plaintiff to endure and sustain actual damages, including financial hardship and grievous mental and emotional suffering in the form of worry, fear, anguish, shock, nervousness, stress, and anxiety in an amount subject to proof at trial.

120.    The actions of Defendants were intentional and done with the willful disregard for the well-established and well-known legal rights of the Plaintiff. As a direct and proximate result of these actions, Plaintiff has been damaged, and will continue to be damaged in an amount to be proven at trial. The actions of Defendant were done willfully, oppressively, maliciously and in callous indifference to the Plaintiff's rights and therefore, the Plaintiff should be awarded punitive damages.

121.    Due to this action, it has been necessary for Plaintiff to expend court costs. As such, Plaintiff is entitled to recover costs pursuant to N.R.S. § 18.020.

///

-17-

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages and other special and general damages according to proof, including, without limitation, lost earnings, salary, bonuses, and other job benefits Plaintiff would have received but for Defendant's wrongful conduct;

2.     Liquidated damages;

3.     Emotional distress damages;

4.     Punitive and exemplary damages in an amount sufficient to punish Defendants, and to make an example of and deter Defendants from engaging in such conduct in the future;

5.     For an award of reasonable attorneys' fees and costs incurred in this action;

6.     For pre-judgment and post-judgment interest, as provided by law; and

7.     For other and further relief as the Court may deem just and proper.

DATED: January 20, 2026              GREENBERG GROSS LLP


By:      */s/ Jemma E. Dunn*
         Jemma E. Dunn
         Philip A. Horlacher
         Michael A. Burnette

         *Attorneys for Plaintiff*
         *Penny Corino*

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff Penny Corino hereby demands a jury trial.


DATED: January 20, 2026                    GREENBERG GROSS LLP



                                           By:        */s/ Jemma E. Dunn*
                                                  Jemma E. Dunn
                                                  Philip A. Horlacher
                                                  Michael A. Burnette

                                                  *Attorneys for Plaintiff*
                                                  *Penny Corino*

-19-
COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL